# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACKIE B. EDGENS, #244519, )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>E. RICHARD BAZZLE, Warden, )<br>)<br>Respondent. )<br>_____ ) | CIVIL ACTION NO. 3:08-290-MBS-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Jackie Benjamin Edgens ("Edgens"), is an inmate with the South Carolina Department of Corrections, serving life imprisonment for murder and a five (5) year concurrent sentence for possession of a firearm during a violent crime. On January 29, 2008, Edgens filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on April 30, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on May 12, 2008. Edgens filed his response to the Respondent's motion on June 10, 2008. Respondent filed a reply memorandum on June 19, 2008.

## Background and Procedural History

After a day of drinking in Spartanburg County, on October 9, 1996, Allan Wyatt Goforth and William Clift got into a fight. Clift called to Edgens for help. Edgens, armed with a pistol, joined the

1

scuffle. According to Deborah Elliot, the only eyewitness who testified at trial, Edgens put the gun to Goforth's head and shot him. Edgens was convicted by a jury on October 8, 1997. He was represented by Andrew J. Johnston, Esquire. Johnston filed a direct appeal raising the following issue:

> Did the trial judge err in failing to grant Appellant's motion for a directed verdict of not guilty on the murder charger and in not allowing the state to go forward only upon the offense of voluntary manslaughter?

(Res.Mem., Ex. 2)

The convictions were affirmed by the South Carolina Supreme Court on September 10, 1999. *See* State v. Edgens, Memo.Op. No. 99-MO-065 (S.C. 1999). (Res.Mem., Ex. 4). The Remittitur was returned on September 28, 1999. (Res.Mem., Ex.5).

Edgens collaterally attacked his conviction in state and also filed petitions in federal court.[1] He filed his initial application for post-conviction relief ("PCR") on December 20, 1999. (App. 255) ("Edgens I").[2] An evidentiary hearing at which Edgens and Johnston testified was held on November 5, 2001. Edgens was represented by Douglas Brannon, Esquire. (App. 275). The PCR court issued a written order of dismissal on February 26, 2002. (App. 346). Edgens filed a *pro se* motion to alter or amend the order dated March 18, 2002. (Res.Mem., Ex. 6). While this motion was pending, Edgens filed a *pro se* notice of intent to appeal in the South Carolina Supreme Court (Res.Mem., Ex. 7) and a *pro se* motion to hold the appeal in abeyance pending resolution of his motion to alter or

---

[1]Two § 2254 petitions were filed in this Court, Edgens v. South Carolina, 3:00-2410-MBS and Edgens v. Bazzle, 3:04-0775-MBS. Both were dismissed without prejudice.

[2]The appendix prepared in connection with the appeal from denial of Edgens I is attached to Respondent's memorandum as Exhibit 1. It is referred to as "App. ___" in this Report and Recommendation.

amend the judgment in the circuit court. (Res.Mem., Ex. 8). On May 15, 2002 the Supreme Court notified Edgens that it would not consider his *pro se* pleadings because he was represented by the South Carolina Office of Appellate Defense. (Res.Mem., Ex. 9).

Edgens' motion to alter or amend was denied on October 8, 2002. (Res.Mem., Ex. 10). Counsel then filed a timely notice of appeal (Res.Mem., Ex. 11) and a Johnson[3] petition for writ of certiorari raising the following issue:

> Whether the PCR court correctly found that petitioner received effective assistance of counsel when there was no challenge to the admissibility of his statement?

(Res.Mem., Ex. 12).

Edgens filed a *pro se* brief in which he raised the following issues:

> 1. Whether the PCR court erred when it found Petitioner received effective assistance of counsel where counsel admitted he failed to impeach Deborah Elliott State's star witness who changed accidental shooting into murder?
>
> 2. Whether the PCR court correctly found that Petitioner received effective assistance of counsel when there was no challenge to the admissibility of his statement or waiver of rights form to counsel?
>
> 3. Whether the PCR court erred when it found Petitioner received effective assistance of counsel where it failed to make a finding of facts and conclusion of law to each issue concerning ineffective assistance of counsel?

(Res.Mem., Ex. 14).

Edgens' *pro se* motion to amend the appendix (Res.Mem., Ex. 13) was denied. (Res.Mem., Ex. 18). The petition for writ of certiorari was denied by order of August 6, 2003. (Res.Mem., Ex. 19). Edgens' *pro se* petition for rehearing (res.Mem., Ex. 20) was denied on September 10, 2003. (Res.Mem., Ex. 21). The Remittitur in Edgens I was returned on September 10, 2003. (Res.Mem.,

---

[3] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988).

Ex. 22).

Edgens' filed a second PCR ("Edgens II") on February 22, 2005. (Res.Mem., Ex. 23). An evidentiary hearing was held on September 21, 2006.[4] Edgens was again represented by Brannon. The PCR court issued an order of dismissal on April 6, 2007. The court concluded that Edgens II was successive and untimely under South Carolina law. The court alternatively addressed a claim of after discovered evidence raised by Edgens. He alleged that the State's key witness (Elliot) had a DUI conviction which was not disclosed prior to trial. The court concluded that the claim was time barred because Edgens waited over a year to file Edgens II after he learned of the conviction. The court further found that even if the issue was not barred, the conviction could not have been used to impeach the witness under the South Carolina Rules of Evidence. (Res.Mem., Ex. 25).

Brannon filed a notice of appeal of the court's order of dismissal in Edgens II. (Res.Mem., Ex. 26). Thereafter, Edgens filed a *pro se* motion to alter or amend the judgment. (Res.Mem., Ex. 27).[5] On April 30, 2007 the South Carolina Supreme Court wrote Brannon and required him to provide a written explanation as to why the PCR court's determination that Edgens II was untimely and successive was in error. (Res.Mem., Ex. 28). On May 4, 2007, the Supreme Court again wrote Brannon indicating that it had received correspondence from Edgens advising of the *pro se* motion to alter and amend and that Brannon was required to notify the court within ten (10) days whether the appeal of Edgens II should be dismissed due to the pending motion in circuit court. (Res.Mem.,

---

[4]A copy of this transcript is unavailable. *See* Respondent's Response to Edgens' "Motion Pursuant [To] Rule 34 FRCP", filed June 13, 2008.

[5]On June 14, 2007, the Office of the Attorney General wrote the Clerk of Court for Spartanburg County advising that since Edgens was represented by counsel the motion to alter or amend was nullity and should be stricken from the record pursuant to Rule 11, SCRCP. (Res, Mem., Ex. 29).

4

Ex. 30). On May 16, 2007, the appeal of Edgens II was dismissed pursuant to Rule 221(c), SCACR, because no explanation had been given as to why the application was not properly dismissed as untimely and successive. (Res.Mem., Ex. 31). The Remittitur was returned on June 20, 2007. (Res.Mem., Ex. 32).[6]

## **Grounds for Relief**

In his present petition Edgens asserts that he is entitled to a writ of habeas corpus on the following grounds:

**GROUND ONE :**     Ineffective Assistance of Counsel.

**SUPPORTING FACTS:**     No challenge was made by counsel to the admissibility of his statement after invoking right to counsel under Miranda and no challenge was made under Jackson v. Deno contrary to Federal Law.

**GROUND TWO:**     Ineffective Assistance of Counsel.

**SUPPORTING FACTS:**     Counsel failed to impeach Deborah Elliott State's Star witness and petitioner had a right to show bias, prejudice or any motive to misrepresent may be shown by examination or by evidence otherwise aduced and this was contrary to Federal Law.

**GROUND THREE:** Ineffective Assistance of Counsel.

**SUPPORTING FACTS:**     Counsel failed to challenge waiver of rights form where officer Steve Denton secretly signed, witness and notorized the waiver when no one else was present during the time of the interrogation, Contrary to Federal Law.

---

[6] According to Edgens he filed a "Petition for Writ of State Habeas Corpus" in August of 2007 which was dismissed in September of 2007. (Pet.Mem., p. 5).

5

**GROUND FOUR:**   Violation of Due Process.

**SUPPORTING FACTS:**   Prosecutor suppressed criminal background of state's star witness Deborah Elliott before and during Petitioner's jury trial of October 6-8 1997 after Petitioner's trial Counsel Submitted a Rule 5 Brady Motion asking for that specific information, Contrary to Federal Law.

**GROUND FIVE:**   PCR Court erred where it failed to make a finding of fact and conclusion of law to each issue.

**SUPPORTING FACTS:**   Petitioner was denied proper appellate review because PCR Court did not make a finding of fact and a Conclusion of law as to each allegation raised in PCR application and that were testified to during PCR hearing and this warrants a new PCR hearing. Contrary to Federal Law.

## Discussion

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created

>by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate

7

review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the doctrine does not apply. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). It is clear that a pro se

prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

The parties appear to agree that Edgens' conviction became final for the purposes of the AEDPA statute of limitations ninety (90) days after the South Carolina Court of Appeals affirmed Edgens' convictions on September 28, 1999, but differ on the precise date. The undersigned concludes that Edgens' conviction became final on December 27, 1999. The present petition shows that Edgens delivered it to the institutional mail room for mailing on January 23, 2008. The undersigned concludes that the petition is deemed filed as of that date. The parties disagree as to the amount of time tolled between December 27, 1999 and January 23, 2008 pursuant to 28 U.S.C. § 2244(d)(2).

Edgens I was filed on December 20, 1999.[7] (App. 255). It remained pending until September 10, 2003 when the Remittitur was returned. (Res.Mem., Ex. 22). This period tolled the statute of limitations which began to run again on September 11, 2003. The parties disagree as to what further time, if any, tolled the statute of limitations.

First, it is clear that neither of Edgens' previous § 2254 petitions which were dismissed without prejudice tolled the statutes of limitations. *See* Duncan v. Walker, 533 U.S. 167, 181 (2001) ("an application for federal habeas corpus review is not an 'application for State post-conviction relief or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"). Edgens II was filed

---

[7]Since Edgens I was filed before Edgens conviction became final, no untolled time lapsed between the two events.

9

on February 22, 2005 over seventeen (17) months after the conclusion of Edgens I. Thus, well over one year of untolled time lapsed before Edgens II was filed.

Edgens II did not start a new statute of limitations. The application in Edgens II raised a single issue, i.e., the DUI conviction of Elliot. (Res.Mem., Ex. 23). Theoretically, a prisoner who discovers new evidence (i.e., "after-discovered evidence") can file a motion for a new trial (*see* Rule 29(b), S.C.R.Crim.P.) or a second PCR under limited circumstances.

Pursuant to S.C. Code Ann. § 17-27-45(C):

> If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

If accepted by the PCR court, an applicant can, therefore, obtain relief based on after discovered evidence. A properly exhausted claim based on after discovered evidence could become the basis for a habeas petition not otherwise timely under 28 U.S.C. § 2244(d).

However, Edgens failed to comply with the statute because he did not file Edgens II within one (1) year of the date he discovered Elliot's DUI conviction. The PCR court applied a procedural bar to the claim. The South Carolina Supreme Court affirmed the PCR court's conclusion that Edgens II was untimely and successive under state law.

Edgens also asserts that he is entitled to equitable tolling. (Pet.Mem., p. XIII). He appears to believe that his PCR counsel was deficient in some way. This vague assertion is insufficient. The undersigned concludes that Edgens is not entitled to equitable tolling.

## Conclusion

The present petition was not timely filed. It is, therefore, recommended that the Respondent's

motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.



_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

December 15, 2008

**The parties are referred to the Notice Page attached hereto.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).