IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jackie Benjamin Edgens, #244519, | ) | |
| | ) | C/A No. 3:08-290-MBS-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| E. Richard Bazzle, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jackie Benjamin Edgens is an inmate in the custody of the South Carolina Department of Corrections, currently serving a sentence of life imprisonment for murder and a five year concurrent sentence for possession of a firearm during a violent crime. On January 29, 2008, Petitioner, appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody [hereinafter Pet.].

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. On April 30, 2008, Respondent filed a Motion for Summary Judgment. Mot. for Summ. J.; Return and Mem. of Law in Supp. of Mot. for Summ. J. On May 12, 2008, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on June 10, 2008. Mem. of Objection to Resp't Return and Mem. of Law in Supp. of Mot. for Summ. J. Respondent filed a reply to Petitioner's response on June 19, 2008. Reply to Resp. in Opp'n to Mot. for Summ. J.

On December 15, 2008, the Magistrate Judge filed a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted and that Petitioner's petition for a writ of habeas corpus be dismissed without an evidentiary hearing. Report and Recommendation. Petitioner filed objections to the Report and Recommendation on February 4, 2009. Objections to Report and Recommendation. Respondent did not file a reply to these objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set out in detail in the Report and Recommendation and shall only be summarized here. On October 9, 1996, in Spartanburg County, South Carolina, a fight broke out between Allan Wyatt Goforth and William Clift. Petitioner moved toward Clift in an effort to assist him and in doing so, according to eyewitness Deborah Elliot, shot Goforth in the head, killing him. Petitioner was convicted by a jury on October 8, 1997. He timely filed an appeal. On September 10, 1999, Peitioner's conviction was affirmed by the South Carolina Supreme Court. Memo. Op. No. 99-MO-065 (S.C. 1999). The Remittitur was returned on September 28, 1999. Return and Mem. of Law in Supp. of Mot. for Summ. J., Ex. 5.

2

On December 20, 1999, Petitioner filed his initial application for post-conviction relief ("PCR"). Return and Mem. of Law in Supp. of Mot. for Summ. J., Ex. 1 at 255. The PCR application was dismissed by order filed on March 11, 2002. Id. at 346. On March 18, 2002, Petitioner filed a *pro se* motion to alter or amend the PCR order. Return and Mem. of Law in Supp. of Mot. for Summ. J., Ex. 6. Petitioner's motion to alter or amend was denied on October 8, 2002. Id., Ex. 10.

Petitioner filed a timely notice of appeal of the PCR order. Id., Ex. 11. Petitioner also filed a petition for a writ of certiorari and a *pro se* brief supporting the petition. Id., Ex. 12 & 14. The petition was denied by the South Carolina Supreme Court on August 6, 2003. Id., Ex. 19. Petitioner then filed a *pro se* petition for rehearing on August 18, 2003. Id., Ex. 20. The petition for rehearing was denied by the South Carolina Supreme Court on September 10, 2003. Id., Ex. 21. The Remittitur was returned the same day. Id., Ex. 22.

On February 22, 2005, Petitioner filed a second application for PCR. Id., Ex. 23. The second PCR application was dismissed by order dated April 6, 2007. Id., Ex. 25. Petitioner filed a timely notice of appeal. Id., Ex. 26. Petitioner also filed a motion to amend or alter the court's April 6, 2007 order. Id., Ex. 27. On May 16, 2007, pursuant to Rule 221(c), SCACR, the South Carolina Supreme Court dismissed Petitioner's appeal of the April 6, 2007 PCR dismissal. Id., Ex. 31. The Remittitur was returned on June 20, 2007. Id., Ex. 32.

In the instant petition for a writ of habeas corpus, Petitioner alleges numerous instances of ineffective assistance of counsel, a violation of due process, and an error by the PCR court. Pet.

## II. DISCUSSION

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 129 S. Ct. 681, 683 (2009). The impact of this statutory modification is reflected in 28 U.S.C. § 2244(d), which sets forth the one year limitation and provides four specified dates, the latest from which the statute of limitation clock begins.[1] Jimenez, 129 S. Ct. at 683; 28 U.S.C. § 2244(d)(1). The Court of Appeals for the Fourth Circuit has held that the§ 2244(d)(1)(A) statute of limitations begins not at the end of any collateral review, but rather, at the moment when a petitioner's conviction becomes final. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In a situation where a petitioner properly files a direct appeal and his conviction is affirmed, the conviction is said to be "final" ninety days after the determinative ruling of the state supreme court because it is during this period that a petitioner can file a writ of certiorari with the United States Supreme Court. Id. at 328 n.1.

---

[1] These four dates are:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).

4

However, this court cannot merely undertake a two-step inquiry in which it determines when Petitioner's conviction was affirmed and then simply add ninety days in order to determine the commencement of the limitations period.  The statute of limitations is tolled during any period in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This tolling period spans the length of the post-conviction process "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)).  However, when a petitioner's request for PCR is denied in state court, "neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled."  Crawley v. Catoe, 257 F.3d 395, 399 (4th Cir. 2001).  Untimely post-conviction petitions under state law are similarly excluded from tolling provisions.  Pace v. DiGulielmo, 544 U.S. 408, 414 (2005).

In the matter at bar, Petitioner's conviction became final on December 9, 1999.  This represents 90 days after the South Carolina Supreme Court affirmed Petitioner's conviction on September 10, 1999.  Return and Mem. of Law in Supp. of Mot. for Summ. J., Ex. 4.  Since Petitioner's first PCR was filed on December 20, 1999, eleven days had elapsed since Petitioner's conviction became final.  These eleven days count toward the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).  Prior to filing his first PCR, Petitioner only had 354 days remaining in the one-year statute of limitations.  The Magistrate Judge is correct in finding that all the elapsed time until the return of the first PCR Remittitur, on September 10, 2003, is tolled.  Report and Recommendation 9.  After the Remittitur was returned, the statute of limitations began to run.

5

Therefore, Petitioner had until August 30, 2004 to file the instant petition for a writ of habeas corpus. The Magistrate Judge is correct in finding that since Petitioner did not file his second PCR until February 22, 2005, the one-year statute of limitations found in § 2244(d)(1) elapsed prior to Petitioner's filing the instant petition for a writ of habeas corpus. Id. at 9-10.

Petitioner raises numerous objections to the Report and Recommendation. First, Petitioner makes a general objection to the Magistrate Judge's determination that the "petition was not timely filed." Objections to Report and Recommendation 1. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Second, Petitioner objects to the recommendation that the second PCR did not result in a new one-year statute of limitations period. Objections to Report and Recommendation 2. But, Petitioner fails to highlight any statutory language which would support a finding that said one-year period could be restarted. Furthermore, Petitioner admits he erred in his application for the second PCR, attempting to resolve this deficiency only by saying that "[t]he 'Motion for Voluntary Dismissal' should have been considered the same as a motion to hold in abeyance." While Petitioner might have wanted his motion to be considered as such, the PCR court was not required to do so.

Third, Petitioner objects to the finding that his second PCR was untimely filed. Objections to Report and Recommendation 3. Even if this court were to agree with Petitioner on this objection, and find that the second PCR was timely filed, the impact would be minimal as the one-year statute of limitations would still have expired prior to the petition for a writ of habeas corpus being filed,

6

regardless if applying §§ 2244(d)(1)(A) or (D).[2]  Finally, Petitioner objects to the recommendation that an evidentiary hearing not be held.  Objections to Report and Recommendation 4-5.  Upon determining that the petition for a writ of habeas corpus was in violation of the one-year statute of limitations found in 28 U.S.C. § 2244(d), there exists no reason to hold an evidentiary hearing.

One of the five claims that Petitioner raises in his petition for a writ of habeas corpus is that the trial prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), by "suppress[ing] criminal background of [the] state's star witness Deborah Elliott." Pet. 10-A.  In his memorandum of support for his petition, Petitioner claims that he did not receive the information about Ms. Elliot's criminal history until two separate dates in 2004, March 16 and April 12.  Prelim. Memo. in Supp. of Writ. of Habeas Corpus  USC 28 § 2254 [hereinafter Prelim. Memo] 2.

One of the three alternatives to counting the one-year statute of limitations period from the time a judgment becomes final is to begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Therefore, rather than beginning the one-year statute of limitations from the time Petitioner's conviction became final, it could be said that counting should begin from the moment that he received the previously undisclosed Brady information, as that serves a the "factual predicate" for his petition for a writ of habeas corpus.  But even assuming that Petitioner could not have previously discovered this information in the course of due diligence prior, such an argument fails.

---

[2]    See infra.

7

Pursuant to § 2244(d)(1)(D), untolled time would not begin to accumulate until April 12, 2004.[3]  This untolled time would accumulate until the filing of the second PCR on February 22, 2005.   Between April 12, 2004 and February 22, 2005, 316 days elapsed.  This would have left Petitioner with only 49 days remaining in the one-year statute of limitation.  The Remittitur on the second PCR was returned on June 20, 2007.  Thus, pursuant to § 2244(d)(1)(D), Petitioner would have had until August 8, 2007 to file a writ of habeas corpus.  Petitioner did not file the instant petition until January 29, 2008.

Petitioner's claim that relief is proper under the doctrine of equitable tolling likewise fails.  The Fourth Circuit has established that the statute of limitations in § 2254 actions is not jurisdictional, but rather subject to the doctrine of equitable tolling.  To benefit from this tolling, a petitioner must establish that there existed: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 238.  The Magistrate Judge recommends that Petitioner's claim for equitable tolling be rejected.  Report and Recommendation 10.  Petitioner made only a "vague assertion" as to why his PCR counsel was insufficient.  This does not meet the test established by the Fourth Circuit in Rouse.  339 F.3d at 238.  Petitioner objects to this finding.  Objections to Report and Recommendation 4-5.  While Petitioner has added details to his previously vague argument for equitable tolling, none of this new information qualifies as "extraordinary circumstances" required by Rouse.  339 F.3d at 238.

### III.  CONCLUSION

After reviewing the entire record, the applicable law, the findings and recommendations of

---

[3]    In an effort to be as deferential to Petitioner's argument as possible, the later of
the two dates in which Petitioner received the Brady material is used.

the Magistrate Judge, and Petitioner's objections, Respondent's motion for summary judgment (Entry 11) is **granted**. Petitioners's petition for a writ of habeas corpus is dismissed, with prejudice.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 30, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner hereby is notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

9